This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 33,243**

**OTHON CALVILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark T. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Adam Greenwood, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals his convictions for two counts of criminal sexual penetration of a minor (CSPM) in the first degree (child under 13), contrary to NMSA 1978, Section 30-9-11(D)(1) (2009) and two counts of criminal sexual contact of a minor (CSCM) in the second degree (child under 13), contrary to NMSA 1978, Section 30-9-13(B) (2004).On appeal, Defendant argues that the district court: (1) committed plain error by allowing the State's expert witness to comment on the credibility of the Victim's testimony; (2) committed fundamental error by failing to provide specificity in the charging documents that violated Defendant's due process and double jeopardy rights; (3) erred in convicting Defendant for two counts of second degree CSCM based upon four separate and distinct assertions of error; and (4) erred in convicting Defendant of a second count of CSPM during the second time period stated in the charging documents because insufficient evidence was presented to support this conviction.

{2}     In its answer brief, the State conceded that one of the two CSPM convictions, Count 2, should now be reversed because insufficient evidence was presented to establish when the acts of CSPM occurred under Count 2. The State concedes that any pattern of criminal conduct occurring while the Victim was in the third grade must now be reduced to a single count, resulting in a single conviction under Count 1. The State further concedes that both counts of CSCM should be reversed based upon

insufficient evidence. Defendant does not disagree with the State's concessions, and argues that the remaining conviction for CSPM should also be reversed based upon: (1) plain error in allowing the State's expert witness to comment on the credibility of the Victim's testimony and identity of the perpetrator; (2) fundamental error by failing to provide specificity in the charging documents that violated Defendant's due process rights; and (3) insufficiency of the evidence to support one count of CSPM.

{3}     First, we accept the State's concessions regarding the reversal of one count of CSPM and both counts of CSCM. We also agree that the State committed plain error when it used its expert witness to bolster and support Victim's credibility regarding the allegations of sexual abuse by identifying Defendant as the perpetrator of the sexual abuse and providing expert testimony diagnosing Victim's medical symptoms as resulting from sexual abuse. Because plain error occurred, we address whether there was sufficient evidence to support Defendant's conviction for the one remaining count of CSPM. We hold that sufficient evidence does exist in the record to support Defendant's conviction for CSPM under Count 1. We therefore reverse and remand for a new trial on Count 1. Finally, based upon our plain error determination and remand for a new trial on Count 1, we conclude that it is unnecessary to address Defendant's remaining assertion of error.

**BACKGROUND**

{4} The relevant facts are known to the parties. Based upon the State's concession regarding one of Defendant's convictions of CSPM and both convictions of CSCM, we briefly summarize only the facts necessary to resolve the two remaining disputed issues. The remaining issues are: (1) whether plain error occurred during the testimony of Dr. Reena Isaac, the State's expert witness and (2) whether the evidence was sufficient to support a conviction for one count of CSPM.

{5} At the inception of the incidents identified at trial, Victim was a third-grader in Hobbs, New Mexico, where he lived with his grandfather, mother, and Defendant, who was mother's second husband. Victim failed the third grade and was required to repeat the third grade during this time frame. Victim told Dr. Isaac about the sexual abuse that occurred over the course of this time period, approximately two years in duration, and later testified at trial that Defendant anally penetrated Victim with his penis twenty times, including various incidents of touching or sexual fondling that occurred during the course of these multiple events. There were no other witnesses to the alleged incidents, and Victim did not report the incidents of sexual abuse to anyone for a few years, even after he moved with his natural father near Houston, Texas. Evidence was also presented that at or around the time of the incidents, Victim's mother noticed an attitude change and that something was wrong with

Victim. Victim's natural father noticed that Victim was angry and withdrawn; and Victim's maternal grandmother saw that Victim was angry, withdrawn, and started having bowel movements in his underwear.

{6} After the incidents of sexual abuse were reported to Victim's aunt, Victim spoke to law enforcement and was eventually taken to see Dr. Isaac, a pediatrician who was affiliated with Baylor College of Medicine and had a sub-specialty in forensic pediatrics and/or child abuse pediatrics. At trial, Dr. Isaac was qualified as an expert witness in the field of forensic pediatrics. Dr. Isaac testified that during her examination of Victim, she discovered soft stool around Victim's anus that was indicative of encopresis, a syndrome of random, uncontrolled defecation. Dr. Isaac also testified that Victim was below normal in both body size and weight, based upon his age, and suffered from anger issues. Dr. Isaac testified and confirmed that Victim told her about the sexual abuse that had occurred, including the fondling and anal penetration. Based upon her overall examination and evaluation of Victim, Dr. Isaac was asked "whether [Victim] suffered anal penetration and/or fondling" and answered that "[Victim] carries the diagnosis of sexual abuse." Finally, Dr. Isaac also testified that Victim identified Defendant as the perpetrator of the sexual abuse. Defendant made no objection to any of the expert testimony by Dr. Isaac.

**DISCUSSION**

**1.      Plain Error Occurred During Dr. Isaac's Testimony**

{7}      On appeal, Defendant argues that testimony by Dr. Isaac constitutes plain error and his remaining conviction for one count of CSPM must be reversed. Because Defendant failed to object to Dr. Isaac's testimony or otherwise preserve this issue below, we now review this evidentiary matter for plain error. Rule 11-103(D), (E) NMRA; *see State v. Montoya*, 2015-NMSC-010, ¶ 46, 345 P.3d 1056. For plain error to have occurred, the appellate court "must be convinced that admission of the testimony constituted an injustice that created grave doubts concerning the validity of the verdict." *Montoya*, 2015-NMSC-010, ¶ 46 (internal quotation marks and citation omitted). Under this standard of review, we must also "examine the alleged errors in the context of the testimony as a whole." *Id.* (internal quotation marks and citations omitted).

{8}      The trial in this case was primarily focused on the credibility of Victim's testimony. No other witness testified about observing any sexual interaction between Defendant and Victim. Looking at the case as a whole, Dr. Isaac's testimony not only recounted Victim's statements about the sexual abuse, she also named Defendant as the perpetrator of the abuse and specifically gave a forensic pediatrician's expert medical opinion that Victim carried a diagnosis of sexual abuse. This testimony was

not accidental and was all solicited through direct questioning by the prosecutor. The cumulative effect of this testimony accomplished three strategic purposes for the State: (1) it bolstered and supported Victim's credibility regarding the allegations of sexual abuse, (2) it specifically diagnosed that Victim's medical symptoms resulted from sexual abuse, and (3) it bolstered and supported Victim's allegation that the sexual abuse was committed by Defendant.

{9}     Our Supreme Court has previously determined that expert testimony of this nature is sufficiently prejudicial to constitute plain error. *See State v. Lucero*, 1993-NMSC-064, ¶¶ 12-19, 21-22, 116 N.M. 450, 863 P.2d 1071 (applying the standard for plain error and holding that expert testimony directly bolstering the credibility of the victim and connecting the diagnosis to sexual abuse by a specific perpetrator established plain error and required reversal). In this case, Dr. Isaac's testimony is equally concerning with regard to its influence on the validity of the verdict. *See State v. Alberico*, 1993-NMSC-047, ¶ 89, 116 N.M. 156, 861 P.2d 192 (noting that only "[i]ncidental verification of [a] victim's story or indirect bolstering of [a victim's] credibility" is permissible by the state). With Victim's testimony and credibility being the pivotal issues in this case, Dr. Isaac went far beyond testifying that Victim's symptoms were potentially consistent with acts of sexual abuse. *See Lucero*, 1993-NMSC-064, ¶ 17. By testifying about Victim's statements regarding specific acts of

genital fondling, sexual abuse, and tying Victim's symptoms to a medical diagnosis of sexual abuse, Dr. Isaac was validating Victim's testimony of abuse as well as Victim's credibility. *Id.* ¶ 18.

{10} An expert is not allowed to testify that a victim's symptoms were in fact caused by or resulted from sexual abuse. *See Alberico*,1993-NMSC-047, ¶ 91 (recognizing that such testimony improperly encroaches upon the province of the jury). An expert is also prohibited from testifying as to the identity of the alleged perpetrator of the crime. *See id.* ¶ 88 (noting that such identification testimony by the expert encroaches too far upon the jury's function as the arbiter of credibility); *see also Lucero*, 1993-NMSC-064, ¶ 16 (recognizing that "naming the perpetrator was tantamount to saying that the complainant was telling the truth"). Dr. Isaac made both of these additional errors during her testimony in this case. As a result, Dr. Isaac's expert testimony was of sufficient significance to raise grave doubts about the validity of the jury's verdict convicting Defendant of CSPM. *See State v. Fairweather*, 1993-NMSC-065, ¶¶ 18-20, 116 N.M. 456, 863 P.2d 1077 (determining that an expert's bolstering of a victim's credibility and stating that the victim's symptoms were in fact caused by sexual abuse was not harmless error, especially when credibility was a pivotal issue at trial). These grave doubts arise from the very limited circumstantial and inferential nature of the State's remaining evidence against Defendant. The improper emphasis and bolstering

8

provided by Dr. Isaac clearly provided that additional support the State wanted to present the jury in order to obtain Defendant's conviction. *See Lucero*, 1993-NMSC-064, ¶ 22 (concluding that where the "credibility [of the alleged sexual abuse victim] was a pivotal issue in this case, it is likely that the jury was swayed by [the expert's] improper testimony"). As a result, we determine that Dr. Isaac's testimony rises to the level of plain error in this particular case.

{11}    Because plain error occurred, we must address the appropriate remedy for this error. *See State v. Paiz*, 1999-NMCA-104, ¶¶ 33-34, 127 N.M. 776, 987 P.2d 1163 (remanding for a new trial once a determination of plain error has been established); *see also State v. Romero*, 1980-NMCA-052, ¶ 2, 94 N.M. 300, 609 P.2d 1256 (reversing for plain error and remanding for a new trial). To avoid double jeopardy, remand for retrial is only permitted if the state has presented sufficient evidence to support a Defendant's conviction at the first trial. *State v. Consaul*, 2014-NMSC-030, ¶ 41, 332 P.3d 850; *State v. Cabezuela*, 2011-NMSC-041, ¶ 40, 150 N.M. 654, 265 P.3d 705.

**2.    The Sufficiency of the Evidence to Support Defendant's Conviction for One Count of CSPM**

{12}    We now address Defendant's claim that insufficient evidence was presented by the State to support his conviction for one count of CSPM. In reviewing the sufficiency of the evidence, the court determines "whether substantial evidence of

either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 (internal quotation marks and citation omitted). Evidence is viewed by the appellate court in "the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. This Court "does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Chavez*, 2009-NMSC-035, ¶ 11, 146 N.M. 434, 211 P.3d 891 (internal quotation marks and citation omitted). In short, the court determines if "a rational jury *could* have found beyond a reasonable doubt the essential facts required for a conviction[.]" *Garcia*, 2011-NMSC-003, ¶ 5 (internal quotation marks and citation omitted).

{13} One aspect of Defendant's insufficiency argument deals with dates that specific encounters were said to have occurred and those dates allegedly conflicting with Defendant's incarceration sometime in 2007 and continuing into 2008. The other aspect of Defendant's insufficiency argument deals with an alleged failure to present distinct evidence supporting the time frame for Count 2, those dates being between March 30, 2006 through April 30, 2007. We can resolve both arguments very quickly.

10

**{14}** Defendant does not dispute the sufficiency of the evidence presented by the State to support his conviction for CSPM under Count 1, which occurred from March 1, 2005 through April 1, 2006. In addition, Defendant does not argue that his incarceration in 2007 conflicted with the time frame charged in Count 1. All of Defendant's arguments regarding the sufficiency of the evidence either attack the evidence presented to support Count 2 or question the time frame specified in Count 2. These sufficiency arguments are now moot because the State has stipulated to the dismissal of the conviction for Count 2. *See State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764 ("An appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief."). As a result, Defendant's arguments regarding Count 2 have already been resolved in his favor.

**{15}** Although Defendant does not specifically attack the evidence presented to support Defendant's conviction under Count 1, this Court must still determine that sufficient evidence exists to support a retrial on Count 1. *See Consaul*, 2014-NMSC-030, ¶ 41. The State has identified details from Victim's testimony to support the incidents of sexual abuse under Count 1. Victim specifically testified about numerous incidents of anal penetration while he was in the third grade year that continued into the next year when he repeated the third grade. This evidence supports numerous incidents of sexual abuse during the time frame set forth under Count 1, and

11

Defendant's briefs did not attack any of this evidence when he challenged the sufficiency of the evidence to support the one remaining count of CSPM. *See State v. Reyes*, 2002-NMSC-024, ¶ 43, 132 N.M. 576, 52 P.3d 948 (recognizing the defendant's misapprehension of the appellate review process for sufficiency of the evidence and noting that "[a]n appellate court does not evaluate the evidence to determine whether some hypothesis could be designed[,] which is consistent with a finding of innocence" (internal quotation marks and citation omitted)), *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, 267 P.3d 806. As a result, we hold that sufficient evidence was presented by the State to support Defendant's conviction on Count 1. Count 1 is remanded to the district court for retrial.

{16} As a result of the State's concessions regarding three of Defendant's convictions and our reversal and remand for a new trial on the one remaining count of CSPM, we determine that it is unnecessary for this Court to address any of Defendant's remaining assertions of error. *See State v. Vallejos*, 1994-NMSC-107, ¶ 13, 118 N.M. 572, 883 P.2d 1269.

**CONCLUSION**

{17} Based on the State's concessions and our analysis regarding the remaining conviction for CSPM, we reverse Defendant's CSPM conviction under Count 2 and both convictions for CSCM. In addition, we reverse and remand this matter back to

the district court for a new trial on Count 1 of CSPM.

{18}   **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**J. MILES HANISEE, Judge**